**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **LAVONTE EDWARD DARNELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-CV-309** |
| | § | |
| **CSL PLASMA INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**DEFENDANT'S MOTION FOR SHOW CAUSE ORDER,
ALTERNATIVELY MOTION TO DISMISS FOR FAILURE TO
PROSECUTE**

Defendant CSL Plasma Inc. ("Defendant") files its Motion for Show Cause Order or, Alternatively, Motion to Dismiss for Failure to Prosecute. In support of its Motion, Defendant shows the following:

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

1.     On or about August 6, 2024, Plaintiff Lavonte Edward Darnell ("Plaintiff") filed his Petition against Defendant in the Justice Court of Precinct 3, Collin County, Texas, Case No. 03-SC-24-00486 ("State Court Action") in which he asserts a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"). The Court issued the Citation to Defendant on January 28, 2025 with service on Defendant on February 28, 2025. Defendant removed the State Court Action to this Court on March 27, 2025 (Dkt. 1).

2.     On March 31, 2025, this Court entered an Order and Advisory (Dkt. 5) ordering the parties to "replead as necessary to comply with the federal rules and this court's local rules." Specifically, the Court ordered Plaintiff to file an amended complaint within 30 days and ordered Defendant to file its responsive pleading within 20 days thereafter.

3.      Plaintiff never filed an amended complaint.   Nonetheless, Defendant filed its Answer and Affirmative Defenses (Dkt. 6) on April 3, 2025 and provided a courtesy copy of the Court's Order to Plaintiff via electronic mail.[1]

4.      On April 7, 2025, the Court entered an Order Governing Proceedings (Dkt. 7) setting deadlines for the parties to conduct their Rule 26(f) conference, exchange mandatory disclosures, and file a joint report.  The Order expressly warned that "[a] party that fails to timely disclose such information will not…be permitted to use such evidence at trial, at a hearing, or in support of a motion."  Moreover, the Court cautioned that "Attorneys and *pro se* litigants must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and this order" and that "[f]ailure to comply with a relevant provision of the rules or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both." *Id.* The Court mailed a copy of this Order to Plaintiff via Certified Mail/Return Receipt Requested and Plaintiff confirmed receipt via his signature on the greencard.[2]

5.      On April 28, 2025, the undersigned counsel for Defendant emailed Plaintiff to schedule the Rule 26(f) conference and discuss the contents of the joint report.  Plaintiff replied and the parties scheduled a call for later that same day.[3]

6.      On May 8, 2025, Defendant served its Initial Disclosures on Plaintiff per the Court's Order Governing Proceedings (Dkt. 7).[4]  To date, Defendant has not received Plaintiff's Initial Disclosures.

---

[1] Exhibit A.
[2] Dkt. 8.
[3] Exhibit B.
[4] Exhibit C.

7.      On May 14, 2025, the undersigned counsel for Defendant circulated a draft Joint Rule 26(f) report and proposed scheduling order to Plaintiff for review and comment.[5]  Plaintiff responded with a single sentence identifying his Title VII claim.[6]  Defendant filed the Joint Rule 26(f) Conference Report on May 15, 2025 (Dkt. 9).

8.      The Court entered a Scheduling Order on May 15, 2025, including various pre-trial deadlines, including deadlines for submission of amended pleadings, completion of discovery (November 11, 2025), mediation (December 9, 2025), and dispositive motions (December 2, 2025) (Dkt. 10). In its Scheduling Order, the Court also set this matter for a pretrial conference on May 13, 2026.  The Court mailed a copy of this Order to Plaintiff via Certified Mail/Return Receipt Requested and Plaintiff confirmed receipt via his signature on the greencard.[7]

9.      On August 12, 2025, the undersigned counsel for Defendant reached out to Plaintiff to discuss potential resolution options including scheduling mediation, per the Court's Scheduling Order.[8]  During this call, Plaintiff refused to discuss mediation or other resolution options, claiming he would only present his evidence at trial.[9]

10.      On September 12, 2025, Defendant served its Requests for Production, Interrogatories, and Admissions on Plaintiff via electronic mail and Certified Mail.[10] To date, Plaintiff has not served any objections or responses to Defendant's discovery requests.  Notably, Plaintiff has not served any discovery requests to Defendant and has not taken any steps whatsoever to prosecute his claims in this case.

---

[5] Exhibit D.

[6] Exhibit E.

[7] Dkt. 11.

[8] Exhibit F.

[9] Exhibit G, Declaration of Roshanak Khosravighasemabadi at ¶ 3.

[10] Exhibit H.

11.     On October 17, October 31, November 7, and November 24, 2025, the undersigned counsel for Defendant emailed Plaintiff to discuss his past-due discovery responses and to coordinate the scheduling of the Court-ordered mediation—all to no avail.  In response to the emails, the undersigned counsel received an Email Delivery Failure notice advising that Plaintiff's "mailbox is full."[11]  The undersigned counsel reached out to Plaintiff via the phone number on his State Court Action filings on several occasions but also received a notification that Plaintiff's voicemail was full.[12]

## II.
## MOTION FOR SHOW CAUSE ORDER

12.     It is well established that *pro se* litigants do not enjoy unbridled license to disregard clearly communicated court orders and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." (citations omitted)).  To date, Plaintiff has not complied with a single deadline or Order entered by this Court nor has he complied with the Federal Rules of Civil Procedure with regard to responses to discovery requests and the like.

13.     In turn, Defendant requests an Order requiring Plaintiff to appear and Show Cause as to why he has not complied with the requirements in the Scheduling Order or the Federal Rules of Civil Procedure.  In the interim, Defendants also respectfully request that all pending pretrial deadlines in this case be stayed, pending the resolution of a Show Cause Order entered by this Court.

## III.
## MOTION TO DISMISS FOR FAILURE TO PROSECUTE

---

[11] Exhibit I.
[12] Exhibit G at ¶ 4.

14.     A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Indeed, a "district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see also Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute . . . [and a district court may] *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases." (internal citations omitted)). Moreover, there is Fifth Circuit precedent affirming dismissal where only one discovery order had been violated. *See Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 429 (5th Cir. 1987).  This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Dismissal with prejudice is appropriate when "there is a clear record of delay." *Wright v. Robinson*, 113 Fed. App'x 12, 16 (5th Cir. 2004) (affirming dismissal of the lawsuit with prejudice because the plaintiff failed to prosecute).

15.     The Fifth Circuit permits dismissal with prejudice for lack of prosecution only if: (1) there is a clear record of delay or contumacious conduct by the Plaintiff; and (2) lesser sanctions would not serve the best interests of justice. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). In most cases, at least one of three aggravating factors must be present: (1) the extent to which the plaintiff, as distinguished from counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006).

16.     Despite having received all pleadings in this case, including orders entered by this

Court via electronic means as well as regular and Certified Mail, Plaintiff has taken no action to comply with the Court's Scheduling Order and has been wholly non-responsiveness to discovery requests from the Defendant or to Defendant's attempts to comply with the Court's Scheduling Order regarding, for example, mediation. In fact, Plaintiff has not served any discovery requests on Defendant in an effort to prosecute his claims. Under very similar circumstances, courts in this Circuit have affirmed motions to dismiss on the same grounds for far less. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 Fed. Appx. 411 (5th Cir. 2006) (affirming Motion to Dismiss where plaintiff was uncooperative with the discovery process for a period of approximately five months); *See also Wright v. Robinson*, 113 F. App'x 12, 15–16 (5th Cir. 2004) (upholding a dismissal with prejudice where a plaintiff failed to cooperate in the discovery process). This litigation has been and continues to remain stagnant, without any effort by Plaintiff to move his case forward. Plaintiff has outright refused to comply with Court-mandated deadlines and failed to comply with this Court's orders.

17.    There is also no question as to the prejudice to Defendant, as the Parties cannot move forward with the case when the discovery process has been totally frustrated by Plaintiff's failure or refusal to respond to discovery. On the other hand, Defendant has been vigilant in its efforts to comply with the Court's orders and has sought targeted discovery to establish its defenses to Plaintiff's allegations. That said, it is impossible to move this case forward without similar compliance by the Plaintiff, which is entirely absent here.

18.    Moreover, lesser sanctions would not serve the best interests of justice. *See McMillan v. Colvin*, No. 3:12-CV-4729-N-BN, 2013 WL 5637378 (N.D. Tex. Oct. 15, 2013) (finding lesser sanctions would be futile and a dismissal with prejudice was warranted where plaintiff failed to respond to the court's orders despite a warning that failure to respond may result

in dismissal of her case, and where she had not responded to the court's orders during the past five months). There is no basis for finding that lesser sanctions would suddenly effectuate Plaintiff's prompt participation in this matter. *See Walker-King v. WageWorks, Inc.*, No. 3:21-CV-01240-X-BH, 2022 WL 19518466 (N.D. Tex. Nov. 10, 2022), report and recommendation adopted, No. 3:21-CV-1240-X BH, 2023 WL 2525041 (N.D. Tex. Mar. 14, 2023) (stating that there is no basis for finding that additional warnings or orders to pay attorneys' fees or a fine would be effective in prompting plaintiff's participation in this lawsuit because she has been explicitly warned that sanctions could be imposed on a party that failed to comply with the orders to confirm attendance and appear at hearing, but she still failed to comply). Plaintiff's inexplicable delay to take any substantive action to move the case forward in a timely manner warrants dismissal with prejudice, pursuant to Rule 41(b).

WHEREFORE, PREMISES CONSIDERED, Defendant CSL Plasma, Inc. respectfully requests that its Motion for a Show Cause Order be granted, that all pending pretrial deadlines in this case be stayed, pending the resolution of a Show Cause Order entered by this Court, or alternatively, that their Motion to Dismiss for Failure to Prosecute be granted and that Plaintiff's lawsuit be dismissed with prejudice.

Respectfully submitted,

*/s/ Roshanak Khosravighasemabadi*
Roshanak Khosravighasemabadi
Texas Bar No. 24048587
roshanak.khosravi@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800
214-987-3927 (Fax)

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of November, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to the following. A courtesy copy was emailed to Plaintiff and will also be mailed via CM/RRR and Regular Mail to:

LaVonte Darnell, *pro se*
901 E Campbell Rd
Richardson, TX 75081
lavontedarnell@icloud.com

*/s/ Roshanak Khosravighasemabadi*
Roshanak Khosravighasemabadi